## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

LOUIS EDWARD COX, III,

         Plaintiff,

v.

STATE OF WISCONSIN; TREMPELEAU
COUNTY; JACKSON COUNTY;
WOJCIK, *Trooper, in his individual
capacity*; UNKNOWN EXTRADITION
TRANSPORT OFFICERS; and
JOHN/JANE DOES 1–10,

         Defendants.

Case No. 26-cv-2144 (LMP/ECW)

**ORDER**

On July 7, 2026, the Court dismissed Plaintiff Louis Edward Cox's complaint without prejudice after conducting a preservice review under 28 U.S.C. § 1915(e)(2). ECF No. 34. Judgment was entered the same day. ECF No. 35. On July 13, 2026, Cox filed an amended complaint, ECF No. 36, along with a motion for service of the amended complaint by the U.S. Marshals Service, ECF No. 39, and a motion to conduct limited discovery, ECF No. 42.

While litigation is proceeding, a litigant may amend their complaint with the Court's leave, and the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But "[t]hings change after judgment is entered." *See Mejia v. United States*, No. 23-cv-3852 (PJS/DLM), 2024 WL 6047683, at *1 (D. Minn. Mar. 25, 2024). The liberal amendment policy of Federal Rule of Civil Procedure 15 "does not govern when, following a final judgment, the case is closed and there is no pending pleading to amend."

*BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025).  Instead, once the Court has entered final judgment, "no amendment is possible unless the judgment is first set aside." *Id.* (citation omitted).  Accordingly, a pleading may still be amended after judgment is entered, but only with leave of court, and only if the request to amend "is consistent with the stringent standards governing" a motion for relief under Federal Rule of Civil Procedure 60(b).  *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014).

Here, Cox has not sought relief from the judgment under Rule 60, nor has he sought leave to amend his complaint under Rule 15.  Accordingly, the Court will take no action on his improperly filed amended complaint.  And because the amended complaint is not properly before the Court, Cox's request for the U.S. Marshals Service to serve the amended complaint is denied.  Finally, because Cox's complaint has been dismissed, Cox is not entitled to discovery, so his motion to conduct limited discovery is denied.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009).  This case is closed.

### ORDER

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Cox's Motion for Service of Process by the U.S. Marshals Service (ECF No. 39) is **DENIED**; and

2. Cox's Motion for Leave To Conduct Discovery (ECF No. 42) is **DENIED**.

Dated: July 15, 2026                    *s/Laura M. Provinzino*
                                        Laura M. Provinzino
                                        United States District Judge

2