**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

LOUIS EDWARD COX, III,

          Plaintiff,

v.

STATE OF WISCONSIN; TREMPELEAU
COUNTY; JACKSON COUNTY;
WOJCIK*, Trooper, in his individual
capacity*; UNKNOWN EXTRADITION
TRANSPORT OFFICERS; and
JOHN/JANE DOES 1–10,

          Defendants.

Case No. 26-cv-2144 (LMP/ECW)

**ORDER DENYING**
**RULE 60(B) MOTION**

On July 7, 2026, the Court dismissed Plaintiff Louis Edward Cox's complaint without prejudice after conducting a preservice review under 28 U.S.C. § 1915(e)(2). ECF No. 34. Judgment was entered the same day. ECF No. 35. On July 13, 2026, Cox filed an amended complaint. ECF No. 36. On July 15, 2026, the Court rejected Cox's amended complaint because he had not sought relief from judgment under Federal Rule of Civil Procedure 60(b), nor had he sought leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a). ECF No. 47. The next day, Cox brought a Rule 60(b) motion for relief from judgment. ECF No. 48.

Rule 60(b) enumerates specific circumstances under which a party in a civil case may receive relief from final judgment, including mistake, excusable neglect, fraud, and a void judgment, among others. Fed. R. Civ. P. 60(b). Rule 60(b) concludes with a catchall provision which provides that a court may relieve a party from a final judgment for "any

other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b) is "extraordinary" and "may be granted only upon an adequate showing of exceptional circumstances." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (citation omitted).

Cox argues that he should be relieved from judgment because he has experienced a "neurological and psychiatric breakdown," which "completely disrupted [his] capacity to draft structured legal pleadings." ECF No. 48 at 2. Cox argues that a "pro se litigant suffering from an unmitigated mental impairment that prevents them from understanding court rules or effectuating a timely, coherent filing is entitled to equitable intervention." *Id.*

As an initial matter, Cox does not submit any evidence of his purported mental impairment. But even assuming Cox suffered from a mental condition that impaired his ability to competently litigate a case in federal court, that does not, on this record, constitute an "exceptional circumstance" justifying relief from the judgment entered in this case. *See Clayborne v. Frakes*, 326 F.R.D. 532, 535 (D. Neb. 2018) (holding that a pro se litigant's "mental impairment" was not an "exceptional circumstance" warranting relief under Rule 60(b)); *Lam v. Finn*, No. 1:19-CV-111 JAR, 2022 WL 4355328, at *1 (E.D. Mo. Sept. 20, 2022) (explaining that although the court was "sympathetic to the [pro se plaintiff's] difficult mental recovery," being "mentally unstable" did not "amount to an adequate showing of exceptional circumstances justifying extraordinary relief" under Rule 60(b)). And contrary to Cox's assertion, regardless of his mental status, all pro se litigants must "comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). It is therefore Cox's responsibility to understand and comply with

2

court rules. *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005). Failing to comply with those rules does not provide Cox with "exceptional circumstances" justifying the "extraordinary relief" of vacating the judgment in this case. *Harley*, 413 F.3d at 870. Because Cox has not shown entitlement to relief under Rule 60(b), the Court need not address whether he should be granted leave to amend his complaint. *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025) (citation omitted) (explaining that "no amendment [of the complaint] is possible unless the judgment is first set aside" under Rule 60(b)).

## ORDER

For these reasons, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Cox's Rule 60(b) Motion for Relief From the Judgment (ECF No. 48) is **DENIED**.

Dated: July 20, 2026                          *s/Laura M. Provinzino*
                                              Laura M. Provinzino
                                              United States District Judge

3